IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

SOPHIA HOLTSNIDER,

*Plaintiff*,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendant*.

---

# COMPLAINT

Plaintiff, Sophia Holtsnider ("Ms. Holtsnider"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant Life Insurance Company of North America ("LINA") states, alleges, and avers as follows:

## PRELIMINARY ALLEGATIONS

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was an employee of Ovintiv Services, Inc. ("Ovintiv"), and during her

employment worked for Ovintiv within the judicial boundaries of the District of Colorado.

3. As an employee of Ovintiv, Plaintiff was a participant in the Ovintiv employee benefit plan (the "Plan"), which included (among other benefits) a long-term disability ("LTD") income replacement benefit insured by a Long-Term Disability ("LTD") policy issued by LINA (the "LTD Policy").

4. LINA is and at all times relevant was registered with the Colorado Division of Insurance to conduct, and does conduct, the business of insurance in the State of Colorado.

5. LINA is the insurer of benefits under the LTD Policy.

6. Plaintiff is informed and believes that LINA acted in the capacity of a claim administrator under the Plan and the LTD Policy.

7. In administering Ms. Holtsnider's claim, LINA acted under an inherent conflict of interest. The bias this created affected LINA's claim determinations.

8. The LTD Policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), and is, therefore, governed by Colorado law where applicable.

9. Plaintiff is informed and believes the Plan and LTD Policy is an employee welfare benefit plan regulated by ERISA, established by Ovintiv, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the employer's benefit plan and the LTD Policy, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan.

10. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF

### Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)

11. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

12. At all times relevant, Plaintiff was employed by Ovintiv, and was a covered "participant" in and "beneficiary" of the LTD Plan, as those terms are defined by 29 U.S.C. § 1002(7) and (8).

13. The LTD Plan and Policy constitute an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

14. During Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Plan and the LTD Policy. Specifically, while Plaintiff was covered under the LTD Plan and the LTD Policy, Plaintiff suffered a disability rendering her "disabled" as defined under the terms of those Policies.

15. Pursuant to the terms of the LTD Plan and the LTD Policy, Plaintiff made a claim to LINA for LTD benefits. Plaintiff's date of disability was on or around July 10, 2020.

16. Although Ms. Holtsnider had been approved by her employer for short-term disability ("STD") benefits from July 2020 to January 2021, LINA denied Ms. Holtsnider's claims for LTD benefits which should have commenced thereafter.

17. On March 25, 2021, LINA denied Plaintiff's claim for LTD benefits under the LTD Policy, asserting that clinical evidence had not been provided to substantiate a significant functional impairment that would preclude her from performing the material duties of her own occupation.

18. As soon as she was medically able, on January 17, 2022, Ms. Holtsnider returned to work on a part-time basis; although she still continued to suffer from her disabling conditions and therefore remained unable to pursue many things she loves outside of work as her part-time work

schedule often left her drained of energy.

19. Ms. Holtsnider continued to improve medically and has since been able to return to work full-time, although her personal life is still significantly restricted.

20. Consistent with her rights under ERISA, Plaintiff, with the assistance of the undersigned counsel, appealed LINA's termination of her LTD benefits by filing an internal appeal to LINA asking that it reinstate her benefits.

21. Along with her internal appeal to LINA (and in submissions thereafter), Plaintiff provided evidence of her continued disability under the terms of the LTD Plan and the LTD Policy.

22. Despite the additional evidence supporting Plaintiff's entitlement to LTD benefits, LINA erroneously and wrongfully continued to uphold its prior termination of Plaintiff's claim for LTD benefits.

23. Defendant LINA breached the terms of the LTD Plan and the LTD Policy. Furthermore, the Defendant violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to Plaintiff when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan and the LTD Policy;

    (b) Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the LTD Plan and LTD Policy for terminating Plaintiff's claim for LTD benefits;

    (c) After Plaintiff's claim was terminated, LINA (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

    (d) Failing to adequately and in good faith investigate the merits of Plaintiff's disability

claim and failing to provide a full and fair review of Plaintiff's claim properly and adequately;

(e) Failing to consider all records and opinions of Plaintiff's medical providers;

(f) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(g) Ignoring the stated observations and opinions of Plaintiff's supervisors concerning in inability to perform her job:

(h) Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

(i) Cherry-picking medical records that favored its self-interested termination of Plaintiff's LTD;

(j) Ignoring Plaintiff's subjective symptoms even though they were observed or verified by others, including her treating medical providers;

(k) Ignoring the cognitive and executive functioning requirements of Plaintiff's occupation in rendering its decision;

(l) Failing to gather sufficient evidence to demonstrate that Plaintiff's medical conditions had improved to the point that she was no longer disabled and could (for eight hours a day and 40 hours a week) reliably and consistently perform the material duties of any occupation for which she was otherwise qualified by education, training, or experience; and

(m) Placing its financial interests ahead of Plaintiff's interests.

24. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her LTD benefits by other acts or omissions not alleged in this Complaint, but which may be found in the record or discovered in this litigation.

25. Following the termination of her LTD benefits, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations required of her under the LTD Plan and the LTD Policy.

26. Plaintiff has satisfied all conditions precedent to received LTD benefits under the Policy.

27. As of the filing of this Complaint, Defendant has wrongfully withheld LTD benefits from Ms. Holtsnider since March 25, 2021.

28. Defendant's wrongful withholding of Ms. Holtsnider's LTD benefits has caused her to experience significant harms and losses – both economic and non-economic.

29. Defendant's wrongful withholding of Ms. Holtsnider's LTD benefits has compelled her to institute litigation to recover benefits owed to her under the Policy.

30. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

31. Defendant's acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the LTD Plan and the LTD Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Declare that Plaintiff is entitled to LTD benefits under the terms of the LTD Plan and the LTD Policy;

2. Order Defendants to pay all past-due LTD benefits owed under the LTD Policy and the LTD Plan from the date they were terminated through the life of such benefits

together with interest (both statutory and moratory) on each monthly payment from the date it became due ;

3. Order Defendants to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);

4. Such other and further relief this Court deems just and proper.

Respectfully submitted this 20th day of September 2022,

> **_s/Rachael E. Bandeira_**
> Shawn E. McDermott, #21965
> Rachael E. Bandeira, #57549
> MCDERMOTT LAW, LLC
> 4600 S. Ulster Street, Suite 800
> Denver, CO 80237
> (303) 964-1800
> (303) 964-1900 (fax)
> *shawn@mcdermottlaw.net*
> *rachael@mcdermottlaw.net*

Plaintiff's Address
931 Homestake Drive
Golden, CO 80401